UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-62430-LEIBOWITZ/VALLE

INTERNATIONAL CLEANERS, CORP.,

     *Plaintiff*,

*v.*

JOB INVESTORS LLC, *et al.*,

     *Defendants.*

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to United States Magistrate Judge Alicia O. Valle for a Report and Recommendation on Defendants' Motion for Attorney Fees and Costs [ECF No. 85] and Defendants' Motion for Attorney Fees [ECF No. 86] (the "Motions"). [ECF No. 87]. Judge Valle has issued her Report and Recommendation (the "R&R"), recommending that the Court deny the Motions [ECF No. 85; ECF No. 86]. [ECF No. 95]. Defendants submitted objections to the R&R [ECF No. 96; ECF No. 97], and Plaintiff filed a combined response in opposition to Defendants' objections (the "Response") [ECF No. 98]. After careful review of the filings, the applicable law, and the record, the Court adopts the R&R [ECF No. 95] in its entirety and writes below to expand upon its reasoning.

## LEGAL STANDARD

**Adoption of a Report and Recommendation:** "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned

up).  The objections must also present "supporting legal authority."  S.D. Fla. L. Mag. J.R. 4(b).  Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up).  To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error.  *Id.* at 784 (cleaned up).  The Court has reviewed *de novo* Defendants' objections to the R&R and, for the reasons stated below, the Court finds the resolution of the issues as recommended by Judge Valle to be sound and well-reasoned.  The Court therefore adopts the R&R in its entirety and incorporates its findings herein.

## DISCUSSION

The Court has reviewed *de novo* Defendants' objections to the R&R and, for the reasons stated below, the Court finds the resolution of the issues as recommended by Judge Valle to be sound and well-reasoned.  The Court therefore adopts the R&R in its entirety and incorporates its findings herein. The Court will expand on its reasoning for overruling the objections.

Defendants' first objection is that Judge Valle's reliance on *Aviacol USA, Corp. v. Colombian Air Force Purchasing Agency*, No. 20-CV-61516, 2024 WL 5054923 (S.D. Fla. Dec 10, 2024), is misplaced. [ECF No. 96 at 3].  Defendants argue that "in *Aviacol*, the voluntary dismissal preceded a potential adverse ruling on a motion to dismiss for insufficient service of process—a procedural issue unrelated to the merits of the claim[;]" but in this case Defendants contend that, "the dismissal [is] in the face of an adverse ruling specifically related to the merits of the case."  [*Id.* at 3–4].  Defendants rest their argument on the fact that they believe Plaintiff's "voluntary dismissal was an admission on the merits that Plaintiff could not and would not be able to muster sufficient allegations against any of the Defendants to state a cause of action."  [*Id.* at 4].

Plaintiff disagrees.  Plaintiff notes that it "has represented to the Court, multiple times, that its decision to voluntarily dismiss this action was not some kind of admission of defeat, rather it was because Plaintiff realized that injunctive relief through the Court was no longer necessary."  [ECF No. 98 at 3].

The Court agrees with Judge Valle.  Based upon this Court's own review of the record and the law, Plaintiff's voluntarily dismissal here was based on a procedural issue, which should not bequeath Defendants with prevailing party status.  [ECF No. 95 at 5].  For that reason, Defendants' first objection to the R&R is overruled.

Defendants' second objection is that the Court should reject Judge Valle's recommendation and find that Plaintiff's voluntary dismissal of the action establishes Defendants as the prevailing party.  [ECF No. 96 at 5].  In support of this, Defendants argue that "[i]t is well-established in Florida that when "a plaintiff voluntarily dismisses an action, the defendant is the prevailing party.""  [*Id.* at 5–6].  Plaintiff correctly points out that Defendants already raised this argument in their reply briefs to the Motions, which Judge Valle considered in ruling on the Motions.  [ECF No. 98 at 6; *see* ECF No. 85 at 5–6; ECF No. 86 at 2–3].  Because Defendants already made the same argument in their reply briefs, which Judge Valle already considered, they may not reargue it in their objections.  *See Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2021) ("It is improper for an objecting party to … submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  Therefore, the Court overrules Defendants' second objection to the R&R.

Lastly, some of the Defendants in their objections request for the first time that a contingency fee of 25% be awarded.  [ECF No. 97 at 1].  In all the briefing thus far, none of the Defendants

previously requested a contingency fee.  The Court will not consider a new argument for fees in the objections that was not previously raised in briefing on the Motions.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge).  The Eleventh Circuit has stated that "[r]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Id.* at 1291.  For that reason, the Court will decline the request for a contingency fee.

The Court therefore overrules all of Defendants' objections to the R&R.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED as follows:**

1. Magistrate Judge Valle's Report and Recommendation [**ECF No. 95**] is **AFFIRMED AND ADOPTED in its entirety**.

2. Defendants' Objections to the R&R [**ECF No. 96**] are **OVERRULED**.

3. Defendants' Objections to the R&R [**ECF No. 97**] are **OVERRULED**.

4. Defendants' Motion for Attorney Fees and Costs [**ECF No. 85**] and Defendants' Motion for Attorney Fees [**ECF No. 86**] are **DENIED**.

5. The Clerk of Court is directed to **CLOSE** this case.  All pending deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida this February 26, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record